■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN L. CHANDLER, Appellant.— Judgment unanimously affirmed. Memorandum: Upon examination of the complainant the District Attorney elicited testimony that on the night after the crime she had examined certain photographs at the police station. This was improper and the District Attorney should have refrained from any interrogation which would produce this information at this stage of the trial. The identification of the defendant was not at issue and the complainant later identified the defendant in the courtroom. No effort was made by defendant to deny or contradict this identification. This testimony could in no sense be admitted under the provisions of section 393-b of the Code of Criminal Procedure and the error in offering this was twofold, for it was an effort to identify from photographs when identification was not at issue (*People* v. *Cioffi*, 1 N Y 2d 70; *People* v. *Hagedorny*, 272 App. Div. 830) and further the information that the photographs were at the police station was an attack upon the character of the defendant before he had put it in issue by offering evidence of his good character (*People* v. *Zackowitz*, 254 N. Y. 192, 197; 1 Wigmore, Evidence [3d ed.], § 55, p. 449; § 192, p. 641). The Trial Judge quickly attempted to cure the prejudicial effect of this testimony by an instruction to the jury that it should be disregarded and further devoted a substantial part of his charge to an effort to eradicate any possible influence this testimony might have, and went so far as to charge the jurors that they should return a verdict of not guilty if they could not remove the effect of this testimony from their minds. The prosecution should be meticulous in avoiding the use of this type of testimony in situations like the case at bar. The proof of guilt of the defendant is so overwhelming, however, and the instructions of the court to dispel the force of this testimony so explicit that we believe that the error did not affect the substantial rights of the defendant and the conviction should therefore be affirmed. (Code Crim. Pro., § 542.) (Appeal from judgment of Erie County Court convicting defendant of grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.